# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIGNEX DATAMATICS, INC., <br> *Plaintiff/ Counterclaim Defendant,* <br> v. <br> LAM RESEARCH CORPORATION, <br> *Defendant/ Counterclaim Plaintiff.* | C.A. No. 17-00320-MN <br><br> REDACTED PUBLIC VERSION <br> Filed June 12, 2020 |

**PLAINTIFF CIGNEX DATAMATICS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 54 AND THE PARTIES' AGREEMENT AND AN AWARD OF PRE- AND POST-JUDGMENT INTEREST**

Theodore A. Kittila (#3963)
James G. McMillan, III (#3979)
**HALLORAN FARKAS + KITTILA LLP**
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2011
Email: tk@hfk.law
       jm@hfk.law

Dated: June 9, 2020

*Attorneys for Plaintiff/Counterclaim Defendant CIGNEX Datamatics, Inc.*

# TABLE OF CONTENTS

                                                                                                            **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  ARGUMENT .................................................................................................................2

      A.  Lam Is Contractually Obligated to Pay Cignex's Reasonable Attorneys' Fees ..................2

           1.  Cignex was "predominant" in the litigation ..............................................2

           2.  Lam's partial success has no impact .........................................................3

           3.  Lam is bound by the settlement-offer provision in its form contract ........4

      B.  Lam's Obligation Is Not Excused by "Interests of Justice and Equity" ..............................5

      C.  Cignex's Attorneys' Fees Are Reasonable .........................................................................7

      D.  Cignex Is Entitled to Pre- and Post-Judgment Interest at the Delaware Legal Rate, Compounded Quarterly .......................................................................................................8

III.  CONCLUSION ...........................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                           **Page(s)**

*Brandin v. Gottlieb*,
    2000 Del. Ch. LEXIS 97 (Del. Ch. July 13, 2000) ................................................................. 8

*Branin v. Stein Roe Investment Counsel, LLC*,
    2015 Del. Ch. LEXIS 203 (Del. Ch. July 31, 2015) ............................................................... 8

*CertiSign Holding, Inc. v. Kulikovsky*,
    2018 Del. Ch. LEXIS 185 (Del. Ch. June 7, 2018) ............................................................... 8

*Choupak v. Rifkin*,
    2015 Del. Ch. LEXIS 107 (Del. Ch. Apr. 6, 2015) ............................................................... 7

*Comrie v. Enterasys Networks, Inc.*,
    2004 Del. Ch. LEXIS 53 (Del. Ch. Apr. 27, 2004) ........................................................ 2, 4

*Devex Corp. v. General Motors Corp.*,
    569 F. Supp. 1354 (D. Del. 1983) ......................................................................................... 9

*Dittrick v. Chalfant*,
    2007 Del. Ch. LEXIS 64 (Del. Ch. May 8, 2007) ................................................................. 5

*Dow Chem. Canada Inc. v. HRD Corp.*,
    2013 U.S. Dist. LEXIS 105408 (D. Del. July 29, 2013) ....................................................... 7

*Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*,
    817 A.2d 160 (Del. 2002) ..................................................................................................... 9

*Great American Opportunities, Inc. v. Cherrydale Fundraising*,
    2010 Del. Ch. LEXIS 15 (Del. Ch. Jan. 29, 2010) ......................................................... 8, 10

*Intendis GmbH v. Glenmark Pharms. Ltd.*,
    117 F. Supp. 3d 549 (D. Del. 2015) ...................................................................................... 6

*Johnston v. Arbitrium (Cayman Islands) Handels AG*,
    720 A.2d 542 (Del. 1998) ..................................................................................................... 6

*Kaung v. Cole National Corp.*,
    884 A.2d 500 (Del. 2005) ..................................................................................................... 6

*Moon Express, Inc. v. Intuitive Machines, LLC*,
    2018 U.S. Dist. LEXIS 176571 (D. Del. Oct. 15, 2018) ..................................................... 10

*Ryan v. Tad's Enterprises, Inc.*,
    709 A.2d 682 (Del. Ch. 1996) .............................................................................................. 9

*Saienni v. G & C Capital Group, Inc.*,
    1997 Del. Super. LEXIS 186 (Del. Super. Ct. May 1, 1997) ..............................................6

*Soterion Corp. v. Soteria Mezzanine Corp.*,
    2012 Del. Ch. LEXIS 257 (Del. Ch. Oct. 31, 2012) ...........................................................7

*Summa Corp. v. Trans World Airlines, Inc.*,
    540 A.2d 403 (Del. 1988) ................................................................................................10

*Vianix Delaware LLC v. Nuance Communications, Inc.*,
    2010 Del. Ch. LEXIS 171 (Del. Ch. Aug. 13, 2010) ......................................................2, 5

*Weinberger v. UOP, Inc.*,
    517 A.2d 653 (Del. Ch. 1986) ...........................................................................................9

*West Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC*,
    2009 Del. Ch. LEXIS 23 (Del. Ch. Feb. 23, 2009) ................................................2, 3, 4, 5

*World-Win Marketing, Inc. v. Ganley Management Co.*,
    2009 Del. Ch. LEXIS 151 (Del. Ch. Aug. 18, 2009) .........................................................2

**Rules**

Federal Rule of Evidence 408 ........................................................................................................4

Plaintiff/Counterclaim Defendant CIGNEX Datamatics, Inc. ("Cignex") submits this Reply Brief in Support of Its Motion for Attorneys' Fees and Other Expenses Pursuant to Fed. R. Civ. P. 54 and the Parties' Agreement and an Award of Pre- and Post-Judgment Interest.

## I. PRELIMINARY STATEMENT

This case involves competing claims for breach of contract. In its post-trial Memorandum Opinion (D.I. 126), this Court found that "both CIGNEX's and Lam's breach of contract claims largely turn on whether the Agreement was a 'time and materials' contract, as opposed to a 'fixed price' contract …." Mem. Op. 18. Based on its finding that the contract was a time-and-materials contract, the Court found that Lam, not Cignex, breached the contract. *See* Mem. Op. 23 & 26.

In its Answering Brief, Lam seeks to re-litigate the Court's finding, arguing that the main issue was not the nature of the contract, but Cignex's "performance" under it. AB 8 ("[t]he substance of this litigation is performance under the MSA"). Lam's argument is merely another way of arguing that the MSA was not a time-and-materials contract, despite the Court's conclusion that it was. Mem. Op. 19 ("the Agreement is properly considered a 'time and materials' contract and not a 'fixed price' contract"). Lam argues that because Cignex did not prevail on what it contends is the "substance of this litigation," it was not predominant in the litigation. That argument fails.

In addition, Lam argues that the Court should not in equity award compound interest and "fluctuating" pre-judgment interest based on changes in the legal rate because Cignex allegedly failed to perform under the Agreement. But the Court did not find that Cignex failed to perform. To the contrary, although it found that Lam was "unhappy with the quality of work that CIGNEX performed, as well as the outcome of the overall project and the additional costs incurred by Lam to remedy the situation," it did not find that Cignex breached the Agreement. There are no equitable considerations that would relieve Lam of its contractual obligation to pay attorneys' fees and other expenses under the MSA. Cignex should be awarded all of its attorneys' fees and other expenses and

pre- and post-judgment interest as set forth in its Motion and Proposed Order.

## II. ARGUMENT

### A. Lam Is Contractually Obligated to Pay Cignex's Reasonable Attorneys' Fees.

#### 1. Cignex was "predominant" in the litigation.

Lam argues that Cignex was not the prevailing party in this litigation and is not entitled to its fees and expenses because "neither party was wholly successful." AB 7. That is not the standard under Delaware law. A party need not be "wholly successful" to be predominant in the litigation. Delaware courts have "typically looked to the substance of a litigation to determine which party predominated." *West Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC*, 2009 Del. Ch. LEXIS 23, at *32 (Del. Ch. Feb. 23, 2009).

Lam cites *Vianix Delaware LLC v. Nuance Communications, Inc.*, 2010 Del. Ch. LEXIS 171, at *98-99 (Del. Ch. Aug. 13, 2010), as an example of a case in which the court awarded damages to one party but found that neither party was entitled to attorneys' fees. AB 7. In *Vianix*, the Court of Chancery found that "[e]ach party prevailed on a handful of issues," that "each party [won] on a number of disputed issues," and that there was "no clear-cut prevailing party." 2010 Del. Ch. LEXIS 171, at *97. In this case, however, Cignex is the clear-cut prevailing party, having prevailed on the main issue, which was the interpretation of the Agreement, and having prevailed on its own claim for breach of contract and on all of Lam's counterclaims, including for breach of contract. *See Comrie v. Enterasys Networks, Inc.*, 2004 Del. Ch. LEXIS 53, at *9 (Del. Ch. Apr. 27, 2004) ("[t]he main issue in this case—and the issue upon which it can be determined the plaintiffs predominated in litigation—is the interpretation of the Agreement"); *cf. World-Win Mktg., Inc. v. Ganley Mgmt. Co.*, 2009 Del. Ch. LEXIS 151, at *9-11 (Del. Ch. Aug. 18, 2009) (cited at AB 7) (upholding arbitrator's denial of fees despite arbitrator's "allegedly incorrect interpretation of the term 'prevailing party'" where plaintiff failed to make arguments on fees).

Lam argues that the main issue in this case is not, as the Court found, interpretation of the MSA as a time-and-materials contract, but "performance under the MSA." AB 8. Lam argues that "the fact that CIGNEX ultimately did not perform should color the Court's analysis of whether to award CIGNEX its attorneys' fees." AB 8; *see* AB 9 (arguing that Lam *proved* that Cignex did not perform). However, Lam did not prove and the Court did not find that Cignex failed to perform its obligations under the MSA, ultimately or otherwise. Instead, the Court found that Cignex did not breach the Agreement. Mem. Op. 27. Lam cannot re-litigate its case on a motion for attorneys' fees.

In short, based on the Court's Opinion, Cignex predominated in the litigation, is the prevailing party under the MSA, and is entitled to all of its attorneys' fees and other expenses.

### 2. Lam's partial success has no impact.

Lam does not argue that it was predominant on its motion for summary judgment, and its success on a small portion of the motion does not have any impact on Cignex's status as the prevailing party in the litigation. Predominance is determined by reference to the litigation as a whole, and the fee-shifting provision in the MSA contemplates awarding fees to the prevailing party in "any judicial or arbitration proceeding"—and not piecemeal based on partial success in a part of a proceeding. *See West Willow-Bay*, 2009 Del. Ch. LEXIS 23, at *33 (finding that the plaintiff's entitlement to fees "will be determined in reference to the litigation as a whole").

Nor does Lam dispute the Court's conclusion that the substance of Lam's motion for summary judgment was its argument that the Agreement was a fixed-price contract. Lam did not prevail on that issue and so did not predominate on its motion, much less in the litigation as a whole. *See* Mem. Op. 1 ("the Court partially denied Lam's motion because it was unable to conclude on the available record that the contract was not a 'time and materials' contract").

As to partial success at trial, in its brief, Lam argues that it prevailed on four of six invoices, and that Cignex did not predominate in the litigation because it "failed to win on two-thirds of the

invoices that formed the basis of its lawsuit." AB 6-7. However, predominance is not determined based on the number of invoices or the amount of a prevailing party's recovery relative to the amount sought. *See Comrie*, 2004 Del. Ch. LEXIS 53, at *9 (finding that the plaintiffs predominated in the litigation even though they were awarded only 28% of the damages they initially sought). Predominance is determined based on the substance of the litigation. *See West Willow-Bay*, 2009 Del. Ch. LEXIS 23, at *32. "The main issue in this case—and the issue upon which it can be determined the plaintiffs predominated in litigation—is the interpretation of the Agreement." *Comrie*, 2004 Del. Ch. LEXIS, at *10. Cignex is the prevailing party because it prevailed on the main issue, which was the interpretation of the Agreement. It does not matter that its success was limited on the facts to CR-1, CR-2, and CR-3. Lam does not refute this argument.

### 3. Lam is bound by the settlement-offer provision in its form contract.

Lam does not deny that settlement offers may properly be used to address attorneys' fees in this case without running afoul of Federal Rule of Evidence 408. Nor does Lam dispute Cignex's evidence of settlement negotiations; it does not contend that it ever made a positive settlement offer to pay any money to Cignex, or that it ever reduced its demand for payment to anything less than "a payment of something greater than $500k." Lam does not contend that Cignex ever refused a settlement *offer*. Indeed, Lam does not argue that the settlement-offer conditions to the fee-shifting provision in the MSA affect Cignex's recovery.

[redacted]

4

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████

### B. Lam's Obligation Is Not Excused by "Interests of Justice and Equity."

Lam argues that Cignex should not be awarded any of its attorneys' fees and other expenses because "a decision to award fees is informed by the interests of justice and equity." AB 9 (quoting *Dittrick v. Chalfant*, 2007 Del. Ch. LEXIS 64, at *6 (Del. Ch. May 8, 2007)). However, in *Dittrick*, the Court of Chancery denied the plaintiffs' motion for attorneys' fees because their claim for fees "simply fails to come within the plain meaning of the clause in question" and because the plaintiffs "cannot be viewed as having prevailed." *Id.* at *4, *6; *see also W. Willow-Bay*, 2009 Del. Ch. LEXIS 23, at *34-35 (cited at AB 9) (granting reasonable attorneys' fees). Similarly, in *Vianix*, 2001 Del. Ch. LEXIS 171, at *97 (cited at AB 10), the Court of Chancery denied both parties' motions for attorneys' fees because neither party achieved "predominance in the litigation." In both cases, the Court considered the equities only after it determined that neither party prevailed. *Id.* In this case, Cignex clearly prevailed. There is no overriding consideration of justice or equity that would relieve Lam of its contractual obligation to pay Cignex's attorneys' fees.

In *Vianix*, the Court found that Nuance's "poor recordkeeping provided the primary impetus for Vianix to bring this suit and measurably increased the complexity of the litigation." *Id.* Lam attempts to analogize Cignex's email deletion policy to Nuance's "poor recordkeeping," but the deletion of certain emails was not the "impetus" for either Cignex's claims or Lam's counterclaims and did not increase the complexity of the litigation. In *Vianix*, Nuance's poor recordkeeping made it extremely difficult for Vianix to calculate the royalties it was owed under the parties' agreement, and made the Court's task in calculating damages far more complex. *See*

5

*id.* at *21. Here, Lam brought an unsuccessful motion for sanctions; the Court found that Lam was not prejudiced and that Cignex's alleged failure to preserve evidence was not "willful, intentional or otherwise done in bad faith." D.I. 100 at 10-11.

Lam also argues that it was "forced to chase a moving target" because Lam only learned "[a]t trial" that Cignex "claimed it was entitled to be paid on a 'time and materials' basis." AB 15. That is not accurate. Lam's motion for summary judgment, purportedly based on the evidence available to it at the time, almost seven months before trial, was based on Lam's argument that the Agreement was not a time and materials contract. *See* D.I. 94 at 4. Lam was not prejudiced by any changes in Cignex's theory of the case. *See Saienni v. G & C Capital Group, Inc.*, 1997 Del. Super. LEXIS 186, at *5-6 (Del. Super. Ct. May 1, 1997) (allowing defenses that were not raised in the pleadings; although the defendant "set up a moving target," "the Court sees no prejudice to [the plaintiff] in implicitly amending [the defendant's] answer and counterclaim to include these three defenses"); *see also Intendis GmbH v. Glenmark Pharms. Ltd.*, 117 F. Supp. 3d 549, 581 (D. Del. 2015) (in a patent case, finding that "defendants' 'moving target' litigation practices" were not "so one-sided or unreasonable as to rise to the level of 'exceptional'").

Lam further argues that Cignex should be denied its attorneys' fees because it allegedly engaged in bad-faith litigation conduct. Lam attempts to analogize this case to *Kaung v. Cole National Corp.*, 884 A.2d 500 (Del. 2005), and *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542 (Del. 1998), two of the most extreme cases in Delaware case law. In *Kaung*, 884 A.2d at 507, the Delaware Supreme Court cited a host of bad conduct, including excessive and duplicative deposition requests and obstreperous behavior. In *Johnston*, 720 A.2d at 546, the Delaware Supreme Court found that "Defendants constructed their entire defense in bad faith." No such bad-faith litigation conduct occurred—or has been alleged—in this case. There is no

evidence that Cignex engaged in any bad-faith discovery conduct or that Cignex asserted any "frivolous" or "baseless" claims knowingly or in bad faith.

In *Choupak v. Rifkin*, 2015 Del. Ch. LEXIS 107, at *67 (Del. Ch. Apr. 6, 2015), also cited by Lam (AB 12-13), the Court of Chancery found that counterclaims "were frivolous because they depended on outright falsehoods" and that the defendant "engaged in bad faith conduct during the litigation" by, among other things, lying and making false representations in discovery. Similarly, in *Soterion Corp. v. Soteria Mezzanine Corp.*, 2012 Del. Ch. LEXIS 257, at *73 (Del. Ch. Oct. 31, 2012) (cited at AB 13), the plaintiffs "fil[ed] a lawsuit the core allegations of which they knew to be false at the time they filed it." There is no evidence that Cignex made claims that depended on outright falsehoods or on allegations that Cignex knew to be false at the time.

In short, there is no basis in justice or equity for denying Cignex its contractual right to attorney's fees and expenses. To the contrary, it would be unjust and inequitable to allow Lam to escape the obligations imposed on it by its own form contract.

### C. Cignex's Attorneys' Fees Are Reasonable.

Lam does not argue that Cignex's fees are not reasonable; it argues only that Cignex's litigation *tactics* were unreasonable. Lam attempts to compare this case to *Dow Chemical*, in which the District Court reduced the fee award because Dow did not address its litigation tactics and because the court found "systematic problems with Dow's approach to discovery," granting "at least three motions to compel" against Dow. *Id.* at *8. In this case, the Court did not grant any motion to compel. Other than Lam's motion for sanctions for alleged spoliation—which was denied—there was no complaint regarding Cignex's discovery conduct. Cignex filed a single-count complaint and no motions. Its litigation tactics were reasonable. Accordingly, Cignex is entitled to an award of all of its costs and expenses, including its reasonable attorneys' fees,

7

incurred in connection with this action, including in Lam's pending appeal of this Court's rulings.

### D. Cignex Is Entitled to Pre- and Post-Judgment Interest at the Delaware Legal Rate, Compounded Quarterly.

Lam does not argue that Cignex is not entitled to pre-judgment interest or post-judgment interest. It argues only that the interest awards should not be compounded and that pre-judgment interest should be based on the interest rate when the invoices became due and should not change.

Lam argues that Delaware courts award compound interest only in cases "involving some form of equitable relief," and not in cases such as this involving "a plain breach of contract." AB 16. However, in *Brandin v. Gottlieb*, 2000 Del. Ch. LEXIS 97, at *2-3 (Del. Ch. July 13, 2000) (cited at AB 16), the Court of Chancery awarded compound interest in a "simple breach of contract case." In *Great American Opportunities, Inc. v. Cherrydale Fundraising*, 2010 Del. Ch. LEXIS 15, at *119 (Del. Ch. Jan. 29, 2010), the Court of Chancery awarded monetary damages and pre- and post-judgment interest, compounded quarterly, without any mention of equitable relief, finding that "Delaware courts routinely award such interest." *See also CertiSign Hldg., Inc. v. Kulikovsky*, 2018 Del. Ch. LEXIS 185, at *71 (Del. Ch. June 7, 2018) ("compound interest is a more accurate means of measuring the time value of money").

Lam cites to a handful of cases in which Delaware courts have awarded simple interest only. In *Branin v. Stein Roe Investment Counsel, LLC*, 2015 Del. Ch. LEXIS 203, at *24 (Del. Ch. July 31, 2015) (cited at AB 16), the Court of Chancery awarded simple interest where "Branin's argument for compound interest rests on little more than the observation that the Court has the power to award it." Here, Cignex's argument for compound interest rests on more. In *Branin*, the Court stated that "the statute has been interpreted as providing for simple interest only." *Id.* (citing *Brandin*, 2000 Del. Ch. LEXIS 97, at *93). But in *Brandin*, the Court of Chancery awarded compound interest, finding that "an award of compounded interest tied to the legal rate

8

will quite likely be inadequate to compensate Jill for missing the opportunity to invest the funds due her in one of the nation's longest-running bull markets." 2000 Del. Ch. LEXIS 97, at *96.  In this case, the Dow Jones Industrial Average closed at 16,510.19 on September 21, 2015, and at 23,664.64 on May 6, 2020, an increase of 43.33%.  Here, the Court can find compound interest, although inadequate to fully compensate Cignex, "is a fair proxy for the injury caused" to it.  *Id.*

In *Ryan v. Tad's Enterprises, Inc.*, 709 A.2d 682, 705 (Del. Ch. 1996) (cited at AB 16-17), the Court of Chancery awarded simple interest because the plaintiffs "failed adequately to develop the record" on pre-judgment interest.  Here, the record is clear that pre-judgment interest should accrue starting 30 days after the dates of invoice 21254 and invoice 21475.  In *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 173 (Del. 2002) (cited at AB 17), although the Delaware Supreme Court found that compound interest is "traditionally disfavored," it concluded that the Court of Chancery properly awarded compound interest.  And in *Weinberger v. UOP, Inc.*, 517 A.2d 653, 657 (Del. Ch. 1986), the Court declined the plaintiffs' request to modify an earlier order awarding simple interest, finding that "plaintiffs tacitly concede that the interest due pursuant to the Order is greater than the interest class counsel could obtain by investing the funds under fiduciary standards" and, therefore, the award of simple interest "works no inequity on the class members."  Here, simple interest would work an inequity on Cignex.

Lam cites *Devex Corp. v. General Motors Corp.*, 569 F. Supp. 1354, 1368 (D. Del. 1983), which stated that compound interest "is not permitted under Delaware law."  AB 17.  This is no longer the law.  *See, e.g.*, *Great Am.*, 2010 Del. Ch. LEXIS 15, at *119 (awarding interest compounded quarterly, finding that "Delaware courts routinely award such interest").  The court relied on an unpublished 1981 slip opinion.  *Id.*  More recent Delaware case law is to the contrary.

Lam also argues that pre-judgment interest should be fixed at 5.75%, based on a Federal

9

Reserve discount rate of 0.75% in September and October 2015, until recently an historic low. This Court has discretion to award a higher interest rate for part or all of the pre-judgment period. *See Summa Corp. v. Trans World Airlines, Inc.*, 540 A.2d 403, 410 (Del. 1988) ("a court of equity has broad discretion, subject to principles of fairness, in fixing the rate to be applied"). Here, adjusting pre-judgment interest according to changes in the discount rate would be more equitable.

Finally, Lam argues that post-judgment interest should not be due on the Court's award of pre-judgment interest because such an award would be equivalent to compound interest. AB 18. Lam cites *Summa Corp.*, 540 A.2d at 410, in which the Delaware Supreme Court found that the party seeking interest "cites no Delaware authority for its position." More recent cases have not found that *Summa* bars such an award. The Court in *Great American*, 2010 Del. Ch. LEXIS 15, at *120, included post-judgment interest "on the full amount of the judgment, including that part comprised of pre-judgment interest." *See also Moon Express, Inc. v. Intuitive Machines, LLC*, 2018 U.S. Dist. LEXIS 176571, at *19 (D. Del. Oct. 15, 2018) ("IM's request for post-judgment interest is granted at a per diem amount of 0.005232% on the monetary judgment and on the prejudgment interest and attorneys' fees and costs awarded by the Court"). Particularly given that the current Federal Reserve discount rate is only 0.25%, post-judgment interest should be awarded on the full amount of the judgment, including pre-judgment interest, fees, and other expenses, to provide some incentive for Lam to pay the judgment promptly.

### III. CONCLUSION

Cignex respectfully requests that the Court grant it **$558,151.62** in reasonable attorneys' fees (including fees on this motion) and other expenses, **$83,952.37** in pre-judgment interest, and post-judgment interest at the annual rate of 5.25 percent, compounded quarterly, on any unpaid amounts, including its attorneys' fees and other expenses and pre-judgment interest, from May 6, 2020, until the judgment is paid in full.

| | |
|---|---|
| Dated:  June 9, 2020 | **HALLORAN FARKAS + KITTILA LLP** |
| | |
| | */s/ James G. McMillan, III* |
| | Theodore A. Kittila (#3963) |
| | James G. McMillan, III (#3979) |
| | 5801 Kennett Pike, Suite C/D |
| | Wilmington, DE  19807 |
| | Phone: (302) 257-2011 |
| | Email:  tk@hfk.law |
| | jm@hfk.law |
| | |
| | *Attorneys for Plaintiff/Counterclaim Defendant CIGNEX Datamatics, Inc.* |