IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIGNEX DATAMATICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-320 (MN) |
| | ) |
| LAM RESEARCH CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 21st day of January 2021:

Presently before the Court is the motion of Plaintiff CIGNEX Datamatics, Inc. ("Plaintiff" or "CIGNEX") for an award of pre- and post-judgment interest. (D.I. 130).[1] For the reasons set forth below, CIGNEX's motion as it relates to interest is GRANTED with MODIFICATION.

1. This case involves a dispute between CIGNEX and Defendant Lam Research Corporation ("Defendant" or "Lam") over a contract relating to software development services CIGNEX was to provide to Lam ("the Agreement"). After a three-day bench trial, the Court found that CIGNEX had proven that Lam breached the Agreement by failing to pay for certain services rendered. (*See* D.I. 126; *see also* D.I. 127). On May 6, 2020, the Court entered judgment in favor of CIGNEX and against Lam in the amount of $232,039.71. (*See* D.I. 129). The $232,039.71 in damages awarded to CIGNEX correspond to the amounts due under two invoices (Invoice Nos. 21254 and 21475) that Lam failed to pay. (*See* D.I. 126 at 21-23).

---

[1] CIGNEX's motion also requests an award of attorneys' fees pursuant to the terms of the Agreement but, on December 3, 2020, that portion of CIGNEX's motion has previously been denied with leave to renew after appeal. (*See* D.I. 141 at 7:20-23).

1

2. On May 19, 2020, CIGNEX filed the present motion, seeking an award of attorneys' fees under the parties' Agreement and an award of pre- and post-judgment interest. (*See* D.I. 130 & 131). As related to interest, CIGNEX requests prejudgment interest at the Delaware legal rate compounded quarterly. (D.I. 131 at 17-19). CIGNEX argues that prejudgment interest should accrue from the date that Lam was first in default for failing to pay each of the invoices that gave rise to its liability in this case. (*Id.* at 19). In total, CIGNEX requests $83,952.37 in prejudgment interest. (*Id.* at 19; *see also* D.I. 131, Ex. A). CIGNEX also requests post-judgment interest at the Delaware legal rate, compounded quarterly, to run from the date judgment was entered until the judgment is satisfied. (D.I. 131 at 19). CIGNEX argues that post-judgment interest should accrue on a sum that includes the prejudgment interest awarded. (*Id.* at 19-20).

3. In its opposition, Lam does not seriously dispute that prejudgment interest should be awarded at the Delaware legal rate. (D.I. 134 at 16). Likewise, Lam does not contest that prejudgment interest should begin when Lam failed to pay the two disputed invoices within the time period provided by the Agreement.[2] Instead, Lam argues that any interest should be simple interest at the Delaware legal rate, not compounded quarterly. (*Id.* at 16-17). Further, Lam argues that the prejudgment interest rate should not fluctuate but instead be a fixed rate calculated at the time Lam's liability arose. (*Id.* at 17-18). Lam also opposes CIGNEX's request for post-judgment interest on prejudgment interest awarded in this case. (D.I. 134 at 18).

---

[2] Lam was found liable for breach of contract based on its failure to pay two invoices, which became due at different times. (*See* D.I. 126 at 19-23). CIGNEX breaks its prejudgment interest analysis into two awards based on Lam's failure to pay each invoice. (*See* D.I. 131, Ex. A). Lam does not take issue with CIGNEX separating the prejudgment interest award in this manner, and the Court finds it appropriate here given that the invoices were for different yet clearly specified amounts.

2

4. Turning first to prejudgment interest, the parties and the Court agree that this issue is governed by Delaware law. *See Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982) (holding that that federal courts in diversity cases are to apply state law with respect to prejudgment interest). In Delaware, prejudgment interest is awarded as a matter of right. *See Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011); *see also Moskowitz v. Wilmington*, 391 A.2d 209, 210 (Del. 1978). Under Delaware law, "[w]here there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due." 6 DEL. C. ANN. § 2301(a). Here, the Agreement is silent as to the interest rate to be applied, and the parties agree that the Delaware legal rate is the proper starting point of the analysis. The dispute between the parties is two-fold: (1) whether the prejudgment interest awarded at this rate should be simple interest or interest compounded quarterly and (2) whether the interest rate should fluctuate, as CIGNEX proposes, or whether the rate should remain fixed, as Lam proposes.

5. As to whether prejudgment interest should be compounded or simple, the Court will award simple interest. Although the Delaware Supreme Court has explained that Delaware courts have "traditionally disfavored compound interest," it also noted that it is within a court's discretion to award compound interest. *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 173 (Del. 2002). Indeed, the Delaware Court of Chancery has at times awarded prejudgment interest at the Delaware legal rate compounded quarterly when necessary to fairly compensate the prevailing party. *See Brandin v. Gottlieb*, No. 14819, 2000 WL 1005954, at *29 (Del. Ch. July 13, 2000). Thus, if principles of equity support doing so, this Court may award prejudgment interest that is compounded quarterly in this case. The Court nevertheless declines to exercise its discretion to award compounded prejudgment interest.

6. "Prejudgment interest serves two purposes: first, it compensates the plaintiff for the loss of the use of his or her money; and, second, it forces the defendant to relinquish any benefit that it has received by retaining the plaintiff's money in the interim." *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011). Here, the record is devoid of any evidence as to the impact of CIGNEX's inability to use the money owed by Lam or the extent of the benefit obtained by Lam in retaining that money. CIGNEX merely argues without citation that "the Dow Jones Industrial Average closed at 16,510.19 on September 21, 2015 and at 23,664.64 on May 6, 2020, an increase of 43.33%." (D.I. 137 at 9). CIGNEX offers no argument as to what CIGNEX would have done with the amounts owed by Lam in that time period. And there is no evidence as to what, if anything, Lam did with the money owed to CIGNEX during the same time period. On this record, the Court cannot conclude that compounded interest is necessary to fully compensate CIGNEX as compared to the more conventionally awarded simple interest. *Rexnord Indus., LLC v. RHI Holdings, Inc.*, No. 07C-10-057RRC, 2009 WL 377180, at *10 (Del. Super. Ct. Feb. 13, 2009) (noting that "simple interest is appropriate for a pure contract claim"). Therefore, prejudgment interest will be awarded at the Delaware legal rate as simple interest.

7. As to whether the rate for prejudgment interest should fluctuate, the parties argue over whether a variable rate is permissible but neither party offers much in the way of helpful authority on this issue. (*Compare* D.I. 134 at 17-18, *with* D.I. 137 at 9-10). The Court declines to use a variable rate, finding that the language of the statute suggests that the rate should be fixed based on the time that the liability for interest begins to run: "the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due." 6 DEL. C. ANN. § 2301(a). Indeed, a number of Delaware courts have found that the interest rate under § 2301 is fixed. *See, e.g.*, *TranSched Sys. Ltd. v. Versyss Transit Sols., LLC*,

No. 07C-08-286WCC, 2012 WL 1415466, at *6 (Del. Super. Ct. Mar. 29, 2012) ("This interest rate remains fixed."); *Rollins Envtl. Servs., Inc. v. WSMW Indus., Inc.*, 426 A.2d 1363, 1367 (Del. Super. Ct. 1980). CIGNEX offers almost nothing in support of its argument that the prejudgment interest rate should fluctuate here, instead merely asserting that the Court has discretion to award a higher interest rate. Although the Court may have discretion to do so, CIGNEX has offered no reason why doing so is necessary to achieve full and fair compensation here. (*See* D.I. 137 at 9-10). Thus, the Court will use a fixed rate for prejudgment interest and, because Lam does not dispute that the Delaware legal rate at the time interest begins to accrue is 5.75%, prejudgment interest will be awarded at the Delaware legal rate of 5.75%. By the Court's calculation, this results in a prejudgment interest award of $60,564.56.[3]

8. Finally, post-judgment interest is mandatory for damages awarded in civil cases in federal district court. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). The parties focus on the Delaware rate on the issue of post-judgment interest. This case, however, is in federal court based on diversity jurisdiction and the judgment entered here is a money judgment recovered in district court. Guided by various Circuit Courts of Appeals that have addressed the issue, the Court believes that post-judgment interest in this case is governed by § 1961. *See, e.g.*, *Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) ("[U]nder § 1961, federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions."), *cert. denied*, 571 U.S. 1071

---

[3] The calculation is based on summing the simple interest amounts earned each year from 2015 to 2020 for each of the unpaid invoices, using 5.75% as the interest rate. For Invoice No. 21254, the amount of interest for 2015 was prorated to include only September 20, 2015 through the end of the year. For Invoice No. 21475, the amount of interest for 2015 was prorated to include only November 29, 2015 through the end of the year. For both invoices, the amount of interest for 2020 was prorated to include only January 1, 2020 through May 6, 2020, the date on which judgment was entered.

(2013); *Mobil Expl. & Producing N. Am., Inc. v. Graham Royalty Ltd.*, 910 F.2d 504, 509 (8th Cir. 1990) ("This court has found that actions based on diversity of citizenship are not exempted from [28 U.S.C. § 1961]. Therefore, 28 U.S.C. § 1961 must be applied to calculate the rate of post-judgment interest in this case." (citation omitted)); *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988) (noting that it is settled that, in diversity cases, the issue of post-judgment interest is governed by federal law). Consistent with § 1961(a), the rate of post-judgment interest is the weekly average one-year constant maturity Treasury yield for the week preceding entry of judgment (*i.e.*, 0.17%).[4] Post-judgment interest will be compounded annually. 28 U.S.C. § 1961(b). And because prejudgment interest is part of CIGNEX's complete compensation, post-judgment interest shall be awarded for the entire amount included in the judgment, including the prejudgment interest. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) (explaining that plaintiff's complete compensation includes prejudgment interest); *see also Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 217 (3d Cir. 2004).

9. For the reasons set forth above, IT IS HEREBY ORDERED that the judgment shall be amended[5] to include prejudgment interest in the amount of $60,564.56, which is based on a Delaware legal interest rate of 5.75% awarded as simple interest, and to include post-judgment interest at the rate of 0.17% to compound annually from the date the amended judgment is entered and until the judgment is paid.

/s/ Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge

---

[4] Rate obtained from https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15.

[5] Regardless of how it is styled, a request for pre- or post-judgment interest is a motion to alter or amend the judgment under Rule 59(e). *See Osterneck*, 489 U.S. at 175 & 176 n.3 (1989).